DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Summa Western Reserve Hospital, ) | |
| ) | CASE NO. 5:11 CV 1393 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION AND |
| ) | ORDER |
| AssureCare, ) | |
| ) | |
| Defendant. ) | |
| ) | |

A.  Introduction

Plaintiff Summa Western Reserve Hospital (Summa) brought this action against AssureCare, an ERISA[1] employee benefit plan that provided health benefits to participants for non-payment of claims for services provided by Summa to Janet D., an AssureCare plan participant (Participant). The Participant assigned the payment of benefits by AssureCare to Summa, and Summa seeks payment for those benefits pursuant to § 502(a)(1)(B) of ERISA in the amount of $27,702.68. *See* ECF 1, 5-1, and 19.

Service of Summa's complaint was perfected upon AssureCare, however AssureCare did not respond. Summa applied to the Clerk for entry of default, and default was entered pursuant to Federal Rule of Civil Procedure 55(a) by the Clerk on March 13, 2012.

This matter is presently pending before the Court on Summa's motion for default judgment pursuant to Rule 55(b). ECF 19. For the reasons that follow, Summa's motion for default judgment is GRANTED.

---

[1] Employee Retirement Income Security Act, U.S.C. § 1001, *et seq*.

(5:11 CV 1393)

B.    Law and Analysis

Rule 55(b) of the Federal Rules of Civil Procedure governs default judgment. Once a default has been entered pursuant to Rule 55(a), the defendant is considered to have admitted all of the well-pleaded allegations in the complaint with the exception of the amount of damages owed. *Microsoft Corp. v. McGee,* 490 F.Supp. 2d 874, 878 (S.D. OH 2007) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995)). Therefore in order to enter default judgment, the Court must first determine the amount of damages. To determine damages, the Court may hold an evidentiary hearing or may determine the amount of damages by affidavit or and/or other documentary evidence. *See* Rule 55(b). An evidentiary hearing is not required by Rule 55(b) if the amount of damages can be determined by computation on the records before the Court.

In support of its motion for default judgment, plaintiff has supplied the affidavit of Randall McMickens, the Supervisor, Credit and Collections at Summa Western Reserve Hospital. According to Mr. McMickens' sworn statement, which was not filed under seal, the amount due and owing plaintiff pursuant to the claims in the complaint is $24,702.68. The Court finds that the evidence submitted to the Court in support of plaintiff's motion for default judgment is sufficient to determine a sum certain, and it is not necessary for the Court to conduct an evidentiary hearing in order to ascertain damages.

Accordingly, plaintiff's motion for default judgment in the amount of $24,702.68, plus post-judgment interest and costs, is GRANTED.

(5:11 CV 1393)

C.	Conclusion

For the reasons contained herein, plaintiff's motion for default judgment in the amount of $24,702.68, plus post-judgment interest and costs, is GRANTED.  The Court will separately publish a Judgment Entry.

The Clerk is directed to mail a copy of this Memorandum Opinion and Order to defendant at its address of record.

IT IS SO ORDERED.


  April 18, 2012                                        *s/ David D. Dowd, Jr.*
Date					                           David D. Dowd, Jr.
						                                 U.S. District Judge